**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| WILLIE CASANOVA MOORE,<br><br>        Plaintiff,<br><br>    v.<br><br>CLINTON S. FRIEL et al.,<br><br>        Defendants. | Case No. 2:05-CV-229 DAK<br><br><br>**SCREENING ORDER** |

Plaintiff, Willie Casanova Moore, an inmate at the Utah
State Prison, filed this *pro se* civil rights suit under 42 U.S.C.
§ 1983.  *See* 42 U.S.C.A. § 1983 (2006).  Plaintiff was allowed to
proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 *id.*
1915.  This case is now before the Court for screening of
Plaintiff's Complaint under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any
claims in a complaint filed *in forma pauperis* if they are
frivolous, malicious or fail to state a claim upon which relief
may be granted.  "Dismissal of a pro se complaint for failure to
state a claim is proper only where it is obvious that the
plaintiff cannot prevail on the facts he has alleged and it would
be futile to give him an opportunity to amend."  *Perkins v. Kan.
Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).  When
reviewing the sufficiency of a complaint the Court "presumes all

of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding *pro se* the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."  *Id.*  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."  *Id.*

## II. Plaintiff's Allegations

Plaintiff's Complaint alleges two counts of cruel and unusual punishment in violation of the Eighth Amendment.  The Complaint names four individual defendants, none of whom are mentioned anywhere in the body of the complaint.  Count I alleges that prison medical staff failed to fully appreciate the severity of Plaintiff's back problems and delayed treating him for nearly two months.  Count II alleges that prison medical staff took nearly four months to get Plaintiff's medical records, during which time they prescribed drugs that were not recommended by Plaintiff's previous doctors.  Plaintiff alleges that the new drugs did not help with Plaintiff's pain but instead "messed up

[his] ability to think or function in [his] normal and required daily activities." (Compl. at 4-5.) Plaintiff alleges that Defendants' actions caused him pain and emotional distress. Plaintiff seeks injunctive relief in the form of better medical care, as well as compensatory and punitive damages.

### III. Legal Standard for Failure to Provide Medical Care Claims

In *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Greg v. Georgia*, 428 U.S. 153, 96 S. Ct. 2909 (1976), proscribed by the Eighth Amendment." *Estelle*, 429 U.S. at 104. "Deliberate indifference involves both an objective and a subjective component." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).

The subjective component is met only if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Allegations of mere

negligence in diagnosing or treating a medical condition,

*Estelle*, 429 U.S. at 105, or "inadvertent failure to provide

adequate medical care" *Riddle v. Mondragon*, 83 F.3d 1197, 1203

(10th Cir. 1996), are insufficient to state a claim under the

Eighth Amendment.  "Delay in [providing] medical care only

constitutes an Eighth Amendment violation where the plaintiff can

show that the delay resulted in substantial harm." *Sealock*, 218

F.3d at 1210.  The Tenth Circuit has held that the "substantial

harm requirement may be satisfied by lifelong handicap, permanent

loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 949,

950 (10th Cir. 2001).

## IV. Sufficiency of Plaintiff's Complaint

Plaintiff's allegations do not state a viable claim for

relief under 42 U.S.C. § 1983.  Plaintiff does not allege any

facts to support a conclusion that the two month delay in

treating his back condition significantly worsened his prognosis

or subjected him to the type of "considerable pain" required to

state a constitutional violation.  More importantly, Plaintiff

does not allege facts showing that the delay resulted from

deliberate indifference by Defendants.  According to Plaintiff,

Defendants initially failed to realize that Plaintiff required

treatment for his back condition; such a brief, inadvertent

failure to provide medical care, particularly for a chronic

condition like Plaintiff's, does not demonstrate deliberate

indifference.

Count II of Plaintiff's complaint also fails to state a claim.  Plaintiff admits that he was receiving medical treatment during the time his medical records were missing, but he argues that the treatment was not optimal because it did not take into account his previous medical history.  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Ferranti v. Moran*, 618 F.2d 888, 891 (1st Cir. 1980).  At best, Plaintiff's allegations would support only a malpractice claim, however, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Moreover, although prison officials are constitutionally required to ensure that inmates receive adequate care, specific decisions as to which particular drug an inmate receives are left to the discretion of trained prison medical personnel and may legitimately be influenced by considerations such as cost and availability.  In sum, Plaintiff's allegation that based on his medical history he should have received different medications than those provided by Defendants shows only a difference of opinion regarding the appropriate treatment for his condition. Such a "mere difference of opinion," however, does not support a

claim of cruel and unusual punishment.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

Thus, the Court concludes that Plaintiff's allegations regarding delayed treatment and denial of specific medication for his back condition fail to state a claim on which relief can be granted.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint is **dismissed** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.  *See* 28 U.S.C.A. § 1915 (West 2007).

DATED this 27th day of June, 2007.

BY THE COURT:

_____
Dale A. Kimball
United States District Judge